IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHNNY TURNER                                                                         PETITIONER

V.                                            CIVIL ACTION NO. 1:25-CV-00134-SA-DAS

STATE OF MISSISSIPPI                                         RESPONDENT

ORDER TRANSFERRING CASE

On or about August 26, 2025, Johnny Turner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Oktibbeha County Circuit Court, Mississippi, for manufacturing and possession of methamphetamine. Doc. #1; *see also* Doc. # 6. The petitioner has filed at least one unsuccessful § 2254 motion concerning the same conviction which he now seeks to challenge. *See Turner v. Superintendent Ronald King*, No. 1:20-cv-00105-SA-JMV; *Turner v. Superintendent Johnny Denmark*, No. 1:14-cv-00198-SA-SAA; *Turner v. State of Mississippi, et al.*, 1:09-cv-00249-SA-JAD.

The Antiterrorism and Effective Death Penalty Act provides that before a district court may consider a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Turner has not obtained such authorization. Rather than dismissing his petition on this basis, the Fifth Circuit has allowed district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Therefore, in the interest of justice and judicial economy, it is hereby ORDERED:

1. That Petitioner's motions [2],[7] to proceed *in forma pauperis* in this action are GRANTED;

2. That this petition is TRANSFERRED to the Fifth Circuit Court of Appeals for the

petitioner to seek permission to file this successive § 2254 petition;

3. That the Clerk of Court is directed to transfer this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(C), and *In re Epps*, 127 F.3d at 365; and

4. That this case is CLOSED.

SO ORDERED this the 24th day of September, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE